# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON


## DAVID C. JAYNE v. BASS ANNIE COSMETIC BOAT REPAIR


**Appeal from the Circuit Court for Shelby County**
**No. CT00505812     Robert L. Childers, Judge**

_____


**No. W2015-02008-COA-R3-CV – Filed February 11, 2016**
_____


Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.


**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**


ARNOLD B. GOLDIN, BRANDON O. GIBSON, AND KENNY ARMSTRONG, JJ.


Scott A. Kramer, Memphis, Tennessee, for the appellant, David C. Jayne.


Sarah Johnson Carter, Memphis, Tennessee, for the appellee, Bass Annie Cosmetic Boat Repair.


## MEMORANDUM OPINION[1]


Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

orders.  *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter.  After this review, it appeared to the Court that it does not have jurisdiction.  Specifically, we could find nothing in the record reflecting that the trial court adjudicated the claim for attorney fees as set forth in the "Response to Action to Recover Personal Property and Amended Civil Warrant" filed in the trial court on August 5, 2015.

Thus, by Order entered on January 6, 2016, the Court directed Appellant David C. Jayne to either obtain entry of a final judgment in the trial court or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. On January 13, 2016, the Clerk of this Court received a supplemental record containing a copy of the trial court's order entered on September 14, 2015.  That order is the subject of this appeal and was already a part of the appellate record. As of this date, there is nothing before the Court indicating that Appellant complied with our Order of January 6, 2016, and obtained entry of an order adjudicating the claim for attorney fees.  Consequently, the Court does not have subject matter jurisdiction of this matter and the appeal must be dismissed.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, David C. Jayne, and the surety for which execution may issue, if necessary.

## PER CURIAM